UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NOVELL, INC.,

Plaintiff,

v.                                        ) CIVIL ACTION NO.

DIGI-FI, LLC,

Defendant.

## COMPLAINT

Plaintiff Novell, Inc. ("Novell"), by its attorneys, Birnbaum & Associates, P.C., for its Complaint against Digi-Fi, LLC ("Digi-Fi"), alleges as follows:

### Introduction

This is an action for breach of contract, account annexed, unjust enrichment, and promissory estoppel arising from Digi-Fi's refusal to pay over $600,000 that is due and owing to Novell for services rendered and expenses incurred pursuant to an agreement between the parties.

### Parties And Jurisdiction

1.      Plaintiff Novell, Inc. is a publicly traded corporation [NASDQ symbol: NOVL] incorporated in Delaware, with its principal place of business at 404 Wyman Street, Suite 500, Waltham, Massachusetts 02451. Novell is a leading provider of Net services software that delivers services to secure and power all types of networks—the Internet, intranets, and extranets; wired to wireless; corporate and public—across leading operating systems.

2. At all relevant times, Cambridge Technology Partners ("Cambridge") has been an operating unit of Novell, headquartered at 8 Cambridge Center, Cambridge, Massachusetts. Cambridge is engaged in the business of providing software integration, development and other eServices worldwide. (Novell and Cambridge will be referred to hereafter collectively as "Novell/Cambridge.")

3. Upon information and belief, defendant Digi-Fi Company is a limited liability company organized under the laws of the state of Ohio with a principal place of business at 30 East Broad Street, Columbus, Ohio. Digi-Fi is engaged in the business of providing digital information and payments solutions.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because:

(a) Digi-Fi resides in the District of Massachusetts for purposes of 28 U.S.C. §§ 1391(a)(1) and (c), by virtue of the contacts it has established while engaging in the acts that give rise to Novell/Cambridge's Complaint; and/or

(b) a substantial part of the events underlying Novell/Cambridge's Complaint occurred in the District of Massachusetts, under 28 U.S.C. § 1391(a)(2).

### Factual Allegations

6. Novell/Cambridge and Digi-Fi entered into a Master Agreement dated January 16, 2002 ("Master Agreement"), a true copy of which is attached hereto as Exhibit A. Pursuant to the Agreement, Novell/Cambridge agreed to provide services to

Digi-Fi specified in one or more Statements of Works for the fees and under the terms set forth in the such SOWs.

7. Master Agreement provided that it would be governed by the laws of the Commonwealth of Massachusetts.

8. Novell/Cambridge and Digi-Fi executed a Statement of Work dated January 9, 2002 ("the SOW"), which was issued pursuant to the January 16, 2002 Master Agreement. (A true copy of the January 9, 2002 Statement of Work is attached hereto as Exhibit B.)

9. The SOW provided that Novell/Cambridge would provide various services related to Digi-Fi's e-Pin Pilot Architecture Design program.

10. The SOW further provided that Novell/Cambridge was to invoice Digi-Fi for services rendered for an agreed fixed price of $385,000. In addition, Novell/Cambridge was also to submit invoices for actual travel and living expenses monthly.

11. The SOW further provided that Digi-Fi's payments of such invoices would be due 60 days from the date of the invoices, and that thereafter, the unpaid balance would be subject to an interest charge of 1.5% per month, or the maximum permitted by law.

12. Novell/Cambridge substantially performed all of its obligations under the Agreement.

13. Pursuant to the Agreement, Novell/Cambridge issued invoices to Digi-Fi for services rendered and expenses incurred, as set forth below:

a. On January 29, 2002, Novell/Cambridge issued its invoice No. 200281851 to Digi-Fi in the amount of $110,000.00 for consulting services rendered pursuant to the SOW and the Master Agreement. (A true and correct copy of this invoice is attached hereto as Exhibit C). Payment on this invoice was due on March 30, 2002.

b. On February 11, 2002, Novell/Cambridge issued its invoice No. 200285215 in the amount of $275,000.00 to Digi-Fi for consulting services rendered pursuant to the SOW and Master Agreement. (A true and correct copy of this invoice is attached hereto as Exhibit D.) Payment on this invoice was due by April 12, 2002.

c. On February 25, 2002, Novell/Cambridge issued its invoice No. 200287932 in the amount of $8,926.59 to Digi-Fi for expenses incurred in connection with the consulting services provided to Digi-Fi pursuant to the SOW and Master Agreement. (A true and correct copy of this invoice is attached hereto as Exhibit E.) Payment on this invoice was due on April 26, 2002.

d. On April 1, 2002, Novell/Cambridge issued its invoice No. 200295629 in the amount of $14,760.31 to Digi-Fi for expenses incurred in connection with the consulting services provided to Digi-Fi pursuant to the SOW and Master Agreement. (A true and correct copy of this invoice is attached hereto as Exhibit F.) Payment on this invoice was due on May 31, 2002.

e. On July 18, 2002, Novell/Cambridge issued its invoice No. 200330448 in the amount of $39,450.28 to Digi-Fi for expenses incurred in connection

with the consulting services provided to Digi-Fi pursuant to the SOW and Master Agreement. (A true and correct copy of this invoice is attached hereto as Exhibit G.) Payment on this invoice was due on September 16, 2002.

14. Digi-Fi owes Novell/Cambridge a total of $448,137.18, exclusive of interest, for services rendered and expenses incurred as detailed on Novell/Cambridge's billing summary, a true copy of which is attached hereto as Exhibit H.

15. Based upon the contract rate of 1.5% per month from the due date, Digi-Fi owes Novell/Cambridge interest of $168,394.00 through May 26, 2004, accruing at $224.07 per day thereafter.

16. By letter dated September 19, 2002, Novell/Cambridge informed Digi-Fi that its account with Novell/Cambridge was overdue, and that "The Digi Fi account has an overdue balance of $448,137.18."

17. By letter October 11, 2002, R. Scott Warner, who identified himself as Legal Counsel for Digi-Fi, acknowledged receipt of Novell/Cambridge's September 19, 2002 letter. Mr. Warner stated that Digi-Fi was not disputing any of the information contained in Novell/Cambridge's September 19, 2002 letter.

18. Digi-Fi has never disputed that it owes $448,137.18 (exclusive of interest) to Novell.

19. Digi-Fi has refused to pay the $448,137.18 balance (exclusive of interest) to Novell.

## COUNT I
(Breach of Contract)

20. Novell/Cambridge incorporates by reference paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. For valid consideration, Novell/Cambridge agreed to provide services to and incur expenses on behalf of Digi-Fi related to its ePin Pilot Architecture program.

22. Novell/Cambridge has substantially performed its obligations under the parties' agreement.

23. Digi-Fi has materially breached its contractual obligations by failing to pay Novell/Cambridge the unpaid balance of $448,137.18, plus interest, for services rendered and expenses incurred pursuant to the Agreement.

24. Novell/Cambridge has been damaged by Digi-Fi's breach of contract.

## COUNT II
(Claim On Account Annexed)

25. Novell/Cambridge incorporates by reference paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Digi-Fi owes Novell/Cambridge the unpaid balance of $448,137.18, plus interest, for services rendered and expenses incurred according to the statement of account annexed hereto as Exhibit H.

## COUNT III
(Unjust Enrichment/Quantum Meruit)

27. Novell/Cambridge incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Novell/Cambridge provided labor and incurred expenses on behalf of Digi-Fi related to its ePin Pilot Architecture program.

29. Digi-Fi accepted and benefited from Novell/Cambridge's services.

30. Digi-Fi has refused to pay Novell/Cambridge for the services rendered and expenses incurred.

31. Digi-Fi has been unjustly enriched in the amount of $448,167.18, representing the fair value of the unpaid services that Novell/Cambridge has rendered to and expenses that it has incurred on behalf of Digi-Fi.

32. Novell/Cambridge is entitled to $448,137.18, representing the fair value of its unpaid services and expenses, plus interest.

## COUNT IV
(Promissory Estoppel)

33. Novell/Cambridge incorporates by reference paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Digi-Fi promised to pay Novell/Cambridge for the services it provided related to its ePin Pilot Architecture program.

35. Digi-Fi reasonably expected to induce Novell/Cambridge's reliance on the promise.

36. Novell/Cambridge provided labor and incurred expenses in reasonable reliance upon Digi-Fi's promise to pay Novell/Cambridge.

37. Despite its promise, Digi-Fi has refused to pay Novell/Cambridge the amounts set forth in Exhibit G.

38. Novell/Cambridge has relied to its detriment on Digi-Fi's promise and has been injured in the amount of $448,137.18, plus interest.

39. Injustice can be avoided only by the enforcement of Digi-Fi's promise.

WHEREFORE, Novell seeks the entry of a judgment as follows:

1. An award of $448,137.18, plus interest, calculated at 1.5% per month from the date when such payments were due, together with costs, and expenses, including attorneys' fees;

2. Such other and further relief as the Court may deem just and proper.

NOVELL, INC.,
By its attorneys,

Scott A. Birnbaum (BBO# 543834)
BIRNBAUM & ASSOCIATES, P.C.
268 Summer Street
Boston, MA 02210-1108
(617) 542-3100

Dated: May 26, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Novell, Inc. v. Digi-Fi, LLC

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES          NO  X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES          NO  X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES          NO  X

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES          NO  X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   X YES         NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      X EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION         CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Scott A. Birnbaum
ADDRESS          Birnbaum & Associates, PC, 268 Summer Street, Boston, MA 02210
TELEPHONE NO.    617-542-3100

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NOVELL, INC.

**DEFENDANTS**
Digi-Fi, LLC

(b) County of Residence of First Listed Plaintiff  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Scott A. Birnbaum, Birnbaum & Associates, PC
268 Summer Street, Boston, MA 02210
617-542-3100   BBO #543834

Attorneys (If Known)

*[Stamp: FILED IN CLERK'S OFFICE 2004 MAY 26 P 1:19 U.S. DISTRICT COURT DISTRICT OF MASS.]*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL INJURY** | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 362 Personal Injury— Med. Malpractice | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 365 Personal Injury — Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 368 Asbestos Personal Injury Product Liability | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PERSONAL PROPERTY** | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 370 Other Fraud | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 371 Truth in Lending | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 380 Other Personal Property Damage | ☐ 864 SSID Title XVI | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 385 Property Damage Product Liability | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | |
| | | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | |
| | | ☐ 530 General | ☐ 740 Railway Labor Act | |
| | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $448,137+interest
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE
DOCKET NUMBER

DATE: 5/26/04
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____