## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NOVELL, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 04-11110 REK** |
| v. | ) | |
| | ) | |
| **DIGI-FI, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF BRUCE NISWANDER

Bruce Niswander, being first duly sworn, deposes and states under oath as follows:

1)      I am an individual residing in Columbus, Ohio, and I make this Affidavit in support of the Defendant's Motion to Dismiss or Transfer Venue filed in this action.  I am competent to testify as to the matters set forth herein, which are based upon firsthand knowledge.

2)      Since in or about January 2002 I have been the senior project manager of the Defendant Digifi, LLC, an Ohio limited liability corporation ("Digifi").

3)      From its creation in January 2002 until late 2002, Digifi had its principal place of business in the City of Columbus, Franklin County, Ohio.  Digifi has not maintained an office in Ohio or elsewhere since late 2002.

4)      The agent appointed by Digifi to receive service of process, William Randle, is an individual residing in the City of Columbus, Franklin County, Ohio.  Mr. Randle is also the chief executive officer and president of Digifi.

5)      At the time of its formation in January, 2002, Defendant Digifi did not have development capital or any sources of funding.  Digifi's executives were actively seeking

funding from investors and capital partners throughout the first quarter of 2002, and thereafter. Funding has never been obtained by Digifi, however.

6)      Digifi has never conducted any business in Ohio, Massachusetts or elsewhere.

7)      Digifi does not maintain, and never has maintained, an office located in the Commonwealth of Massachusetts, and is not registered to do business there.

8)      Digifi does not have a telephone listing or a customer base in Massachusetts, nor has it ever solicited customers in Massachusetts.  Indeed, Digifi has never had any customers at all.

9)      Digifi does not have, and never has had, any employees, agents, or directors who reside or are located in the State of Massachusetts.

10)     The original contact between representatives of Cambridge and representatives of Digifi was made in Columbus, Ohio, and the Master Agreement, attached as Exhibit A to Plaintiff's Complaint, was executed in Columbus.

11)     In or about late 2001, Mr. Randle and I discussed with representatives of Cambridge Technology Partners ("Cambridge"), each of whom were located in Cambridge's regional office in Columbus, Ohio, the possibility of retaining Cambridge to provide development assistance for the development and design of software architecture for a new financial services/transaction switching solution known as the "e-PIN" concept.

12)     Information I gained as a result of a number of sales discussions with certain of Cambridge's Columbus, Ohio employees, coupled with the fact that Cambridge had a significant presence in Columbus, were the primary factors in my recommendation for Digifi and Cambridge to work together on the e-PIN concept.

13)    During our initial discussions, Mr. Randle, I and others made it clear to Cambridge's representatives that no funding for this project existed, and that Cambridge could not be paid unless and until funding was obtained.

14)    Representatives of Cambridge, including among others, Kip Welty, Brian Link, David Hess and Chip Bodin, stated that they understood the contingent nature of their engagement, and agreed that they would not seek payment for Cambridge's work unless and until Digifi obtained funding.

15)    Cambridge's representatives indicated that their priority interest was to keep the development staff intact, that Cambridge would benefit from future engagements if Digifi's efforts were successful, and that Cambridge would take the risk of Digifi's lack of available capital.

16)    Thus, at the time of the execution of the Master Agreement, attached as Exhibit A to Plaintiff's Complaint, Cambridge was aware that Digifi had not obtained funding for the development of its e-PIN product system.  Yet, Plaintiff's representatives continued their work under such Agreement.

17)    All of the negotiations and discussions of agreements between representatives of Digifi and representatives of Cambridge took place in face-to-face meetings or conference calls in which the parties were located either in Cambridge's office at 111 West Rich Street, Suite 300, Columbus, Ohio 43215, or at the offices of the Huntington National Bank's Easton Financial Services Center, 3931 Morse Crossing, Columbus, Ohio 43219.

18)    None of Digifi's executives ever traveled to Massachusetts to meet with Cambridge executives, or for any other purpose related to the relationship between Digifi and Cambridge.

19)    All of the meetings between the parties' representatives relating to development of the e-PIN concept took place at the offices of either Cambridge or the Huntington National Bank in Columbus, Ohio.

20)    No meetings between the parties took place in the Commonwealth of Massachusetts.

21)    All of the development work by representatives of both Digifi and Cambridge was conducted and coordinated in Cambridge's office at 111 West Rich Street, Suite 300, Columbus, Ohio.

22)    Although some of the Cambridge employees/developers who worked on the e-PIN concept did not regularly work in Columbus, Ohio, none of the Cambridge employees/developers who worked on the e-PIN concept was, to my knowledge, located at any of Cambridge's offices in Massachusetts.

23)    It is my understanding that each of the Cambridge employees/developers who did not regularly work in Columbus would travel each week to work at Cambridge's offices at 111 West Rich Street in Columbus to work on the e-PIN concept.

24)    Indeed, the invoices attached to the Complaint demonstrate that a total of $63,137.18 in travel, lodging and meal expenses were charged to Digifi by Cambridge in order to have Cambridge's employees/developers work in Columbus, Ohio.

25)    To my knowledge, none of Cambridge's employees or representatives conducted

4

any activity relating to the work which is the subject of the Complaint in the Commonwealth of

Massachusetts, but rather all such work was conducted in Ohio.

AFFIANT FURTHER SAYETH NAUGHT.

/s/ Bruce Niswander

Bruce Niswander

**STATE OF OHIO**                    )
**COUNTY OF FRANKLIN**            )        SS:

Before me, a notary public in and for said county and state, personally appeared Bruce Niswander, who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed.

**IN WITNESS WHEREOF,** I have hereunto subscribed my name and affixed my official seal this 3rd day of September, 2004.
CHRISTINE H. ERICKSON
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 10-23-06